## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

RAINBOW NATURAL GROCERY COOPERATIVE       **CASE NO. 18-01604-EE**

**DEBTOR**                                    **CHAPTER 11**

## MOTION TO SELL SUBSTANTIALLY ALL OF THE ASSETS OWNED BY RAINBOW NATURAL GROCERY COOPERATIVE, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, WITH LIENS ATTACHING TO PROCEEDS OF SALE, OUTSIDE THE ORDINARY COURSE OF BUSINESS

COMES NOW, Rainbow Natural Grocery Cooperative (the "Movant" or the "Debtor") and files this, its *Motion to Sell Substantially All of the Assets Owned by Rainbow Natural Grocery Cooperative, Free and Clear of Liens, Claims and Interests, with Liens Attaching to Proceeds of Sale, Outside the Ordinary Course of Business* (the "Motion"), and in support thereof would respectfully show as follows, to-wit:

### INTRODUCTION AND BACKGROUND

1.      Debtor initiated this case by the filing of Voluntary Petition under Chapter 11 of the Bankruptcy Code on the 23rd day of April, 2018.  Movant is the Debtor-in-Possession in this Chapter 11 case.  Subsequent thereto, the Debtor has been, and is, the duly qualified, and acting Debtor-in-Possession in this Chapter 11 case.  The Debtor is in control of its assets and is managing and operating the Debtor-in-Possession's businesses.

2.      This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105, 363, 365, 503, 507, 1107, related statutes, related rules and various orders of reference.  This is a core proceeding.

3.      Debtor, Rainbow Natural Grocery Cooperative operated an organic grocery store up until it closed in August 2018.

4.      An Application of Debtor to Employ Jeff Speed of Speed Commercial Real Estate as a Broker will be filed simultaneously with this motion.  Jeff Speed has conducted extensive negotiations and discussions with various interested parties for the sale of the building located at 2807 Old Canton Road, Jackson, MS 39216 and has received an offer to purchase the building from WBA Investments, LLC ("WBA") dated as of September 4, 2018, a copy of which is attached, incorporated by reference and marked as **Exhibit "A"** hereto.  The purchase price is $725,000.00 and $10,000.00 earnest money is being held by Speed Commercial Real Estate.  A description of the property is attached hereto as **Exhibit "B"** .

5.      The offer represents the best opportunity for the Debtor to continue to operate and to preserve their going concern value and to generate the greatest return to the creditor and parties in interest.

6.      The Debtor believes that a sale of its assets as contemplated by this Motion will maximize the value of the estate.

7.      The Debtor believes that in the event the Motion is approved, the result will be a successful sale of the Debtor's assets.

8.      Accordingly, the Debtor at this time seeks authority to sell the assets.

9.      In addition to the relief set forth above, upon a hearing with respect to the Motion, the Debtor request entry of an order that will, *inter alia*, (i) find that the buyer(s) of the assets has negotiated and purchased in good faith, and (ii)waive any stays, if they exist, set forth in the Bankruptcy Rules so the sale can be closed as soon as possible.

10.     A prompt sale of the assets to WBA will likely enable the Debtor to realize good value for the assets.  The Debtor believes that the terms and conditions set forth in the Motion are fair and equitable to the purchaser and the Debtor, and thus reflect a transaction that will

ultimately result in a successful sale of the Debtor's assets.  The Debtor believes that any

material delay in consummating the proposed sale of the assets will result in a reduction in the

value of the Debtor's assets.  Therefore, the Debtor submits that the proposed sale of the assets

to WBA is justified and should be approved by the Court.

11.     In accordance with Bankruptcy Rule 6004(f)(1), sales of property rights outside

the ordinary course of business may be by private sale or public auction.  The Debtor has

determined that a private sale of the assets is in the best interests of the Debtor, its estate, and its

creditors.

12.     Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor,

"after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business,

property of the estate."  Section 105(a) of the Bankruptcy Code provides, in relevant part that

"[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title."

13.     Although Section 363 of the Bankruptcy Code does not specify a standard for

determining when it is appropriate for a court to authorize the use, sale, or lease of property of

the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based

upon the second business judgment of the debtor.  *See, e.g., In re Trans World Airlines, Inc.,*

Case No. 01-00056, 2001 WL 1820326, at *10-11 (Bankr.D.Del. Apr, 2, 2001); *Meyers v.*

*Martin(In re Martin)*, 901 F.3d 389, 395 (3rd Cir. 1996).

14.     Courts typically consider the following factors in determining whether a

proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale;

(b) whether adequate and reasonable notice of the sale was given to interested parties; (c)

whether the sale will produce a fair and reasonable price for the property; and (d) whether the

parties have acted in good faith. *See In re Del. & Hudson Ry.,* 124 B.R. at 176. In *In re Del. & Hudson Ry.,* the court further held that:

> [o]nce a court is satisfied that there is a sound business reason or an emergency justifying the pre-confirmation sale, the court must also determine that the trustee has provided the interested parties with adequate and reasonable notice, that the sale price is fair and reasonable and that the [proposed] purchaser is proceeding in good faith.

124 B.R. at 176.

15.     The business judgment rule shields a debtor's management from judicial second guessing. *See In re Tower Air,* 416 F.3d 229, 238 (3d Cir. 2005). Once a debtor articulates a valid business justification, "[t]he business judgment rule is a presumption that directors act in good faith, on an informed basis, honestly believing that their action is in the best interests of the company." *Id.* Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of the Bankruptcy Code.

16.     A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, its creditors, or interest holders. *See, e.g., In re Lionel Corp.,* 722 F.2d 1063,1071 (2nd Cir. 1983). In fact, the paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See In re Food Barn Stores, Inc.,* 107 F.3d 558, 56465 (8th Cir. 1997) (noting that in bankruptcy sales, "a primary objective of the [Bankruptcy] Code [is] to enhance the value of the estate at hand"); *In re Integrated Res., Inc.,* 147 B.R. at 659 ("It is a well established principle of bankruptcy law that the . . . [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (quoting *In re Atlanta Packaging Prods., Inc.,* 99 B.R. 124,130 (Bankr. N.D. Ga. 1988)).  Here, in light of the Debtor's current condition, and prior orders requiring the Debtor to sell the assets,

no further justification is needed.

17.     The Debtors secured creditors are Hope Federal Credit Union, Rainbow Bridge Investors LLC and FreshPoint Dallas, Inc., which is licensed as a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499 ("PACA") and holds a valid claim against the Debtor arising from the sale of produce and that is subject to special protection under the PACA Trust. The three secured creditors will be paid in full from the proceeds of the sale for full satisfaction of their claim and will cancel any and all Mortgages or Deeds of Trust or liens of any kind against the property.  Also, Debtor is delinquent in its quarterly fees to the Unites States Trustee's office which should be brought current at closing. In addition there may be some taxes that must be paid at closing.

18.     The sale of the assets will be consummated only after thorough consideration of all viable alternatives and after concluding that such transactions are supported by sound business justifications.  Since the Debtor and its secured creditors have agreed that the assets must be sold, the business justifications for the requested sales are self-evident.  Based on available information, the Debtor believes that the consideration to be received for the assets will be fair and reasonable under the circumstances.

19.     The Debtor further submits that it is appropriate to sell the assets free and clear of (i) any Permitted Encumbrances or (ii) any permitted Liens, with any such Liens attached to the net sale proceeds of the assets, as and to the extent applicable.  Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances if:

> (1)     applicable nonbankruptcy law permits sale of such property
>         free and clear of such interests;
> (2)     such entity consents;
> (3)     such interest is a lien and the price at which such property

585f15e841e237f6

is to be sold is greater than the value of all liens on such
property;

(4)     such interest is in *bona fide* dispute; or

(5)     such entity could be compelled, in a legal or equitable
proceeding, to accept a money satisfaction of such interest.

20.     Because Section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the assets "free and clear" of Liens. *In re Decora Indus., Inc.,* Case No. 004459 (JJF), 2002 WL 32332749, at *7 (D. Del. May 20, 2002) ("Because § 363(f) is drafted in the disjunctive, the satisfaction of any of the requirements outlined is sufficient to warrant Debtors' sale of the Debtor's assets free and clear of all Interests").

21.     The Debtor believes that one or more of the tests of Section 363(f) of the Bankruptcy Code are satisfied with respect to the transfer of the assets and the assignment of contracts and leases.  In particular, the Debtor believes that at least Section 363(f)(2) of the Bankruptcy Code will be met in connection with the transactions proposed because the parties holding the secured liens on the assets, will consent, or, absent any objection to this Motion, will be deemed to have consented to, the Motion.

22.     The holder of the secured liens also will be adequately protected by having their liens attach to the sale proceeds received by the Debtor for the sale of the assets, in the same order of priority, with the same validity, force, and effect that such creditors had prior to such sale, subject to any claims and defenses that the Debtor and its estate may possess with respect thereto.  Accordingly, Section 363(f) of the Bankruptcy Code authorizes the sale of the assets and the assignment of the contracts and leases free and clear of any such Liens.

23.     WBA is not liable for any of the Debtor's liabilities as a successor or otherwise, unless WBA expressly assumes such liabilities as provided for in the Contract.

24.     Although Section 363(f) of the Bankruptcy Code provides for the sale of assets "free and clear of any interests," the term "any interest" is not defined in the Bankruptcy Code. *Folger Adam Security* v. *DeMatteis/MacGregor .IV,* 209 F.3d 252, 257 (3d Cir. 2000). In *In re Trans World Airlines, Inc.,* the Third Circuit specifically addressed the scope of the term "any interest."   322 F.3d 283, 28889 (3d Cir. 2003). The Third Circuit observed that while some courts have "narrowly interpreted interests in property to mean *in rem* interests in property," the trend in modern cases is toward "a more expansive reading of 'interests in property' which 'encompasses other obligations that may flow from ownership of the property.'" *Id.* at 289 (citing 3 *Collier on Bankruptcy 1363.06[1])*.

25.     Courts have held that a buyer of a debtor's assets pursuant to a Section 363 sale takes free from successor liability resulting from preexisting claims. *See The Ninth Ave. Remedial Group* v. *Allis-Chalmers Corp.,* 195 B.R. 716, 732 (N.D. Ind. 1996) (stating that a bankruptcy court has the power to sell assets free and clear of any interest that could be brought against the bankruptcy estate during the bankruptcy); *MacArthur Co.* v. *Johns-Manville Corp. (In re Johns-Manville Corp.),* 837 F.2d 89, 9394 (2d Cir. 1988) (holding channeling of claims to proceeds consistent with intent of sale free and clear under Section 363(f) of the Bankruptcy Code); *In re New England Fish Co.,* 19 B.R. 323, 329 (Bankr. W.D. Wash. 1982) (holding transfer of property in free and clear sale included free and clear of Title VII employment discrimination and civil rights claims of debtor's employees); *In re Hoffman,* 53 B.R. 874, 876 (Bankr. D.R.I. 1985) (holding that transfer of liquor license free and clear of any interest permissible even though the estate had unpaid taxes was permissible).

26.     Here, this Chapter 11 Case was filed in good faith. The sale process has also been, and will be, conducted in good faith and at arm's length.  The Debtor expects that if the Court

approves a sale of the assets, it will be able to satisfy the Court that (a) the purchaser engaged in arm's length negotiations with the Debtor and did not exert control or undue influence over the Debtor, (b) the purchaser is a completely and wholly unrelated entity to the Debtor, (c) the purchaser does not, and will not, share any common incorporators, officers, directors, or stockholders with the Debtor, and (d) the purchaser is not an insider of the Debtor.

27.     For obvious reasons, the very purpose of an order purporting to authorize the transfer of assets free and clear of all "interests" would be frustrated if claimants could thereafter use the transfer as a basis to assert claims against a purchaser arising from a seller's presale conduct. Furthermore, the Debtor will provide notice of the proposed sale to all known parties in interest that may assert claims or interests relating to the assets against the Debtor, including trade creditors, contract counterparties, lenders, and other parties known to the Debtor to be asserting claims relating to the assets.

28.     Under Section 363(f) of the Bankruptcy Code, a purchaser of assets is entitled to know that the assets are not subject to latent claims that will be asserted against the purchaser after the proposed transaction is completed. Accordingly, consistent with the above cited case law, the order approving the sale of the assets may provide that the purchaser of the assets is not liable as a successor under any theory of successor liability, for claims that encumber or relate to the assets.

29.     Accordingly, absent a showing of fraud, collusion between a purchaser and a debtor, or an attempt by the purchaser to take grossly unfair advantage of other bidders, courts will uphold the transaction under Section 363(m) of the Bankruptcy Code. *See, e.g., In re Trans World Airlines, Inc.,* Case No. Civ. A. 01226 (SLR), 2002 WL 500569, *1 (D. Del. Mar. 26, 2002) (upholding bankruptcy court's ruling premised on finding that there was 'no evidence of

unlawful insider influence or improper conduct,' nor was there "any evidence of fraud or collusion between [the prevailing purchaser] and [debtors], or [the prevailing purchaser] and other bidders," that sale was in good faith); *see also Kabro Assocs. of West Islip, LLC.* v. *Colony Hill Assocs. (In re Colony Hill Assocs.),* Ill. F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.")

30.    Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that upon a hearing hereof, this Honorable Court will enter its Order granting the Motion and authorizing the Debtor to execute such instruments of transfer as commercially reasonable and necessary to consummate and effectuate the contemplated transaction hereunder, and that the Court will approve the sales of the assets free and clear of liens, claims, encumbrances and interests.  The Debtor prays for general relief.

DATED, this the 11th day of September, 2018.

**RAINBOW NATURAL
GROCERY COOPERATIVE**


 */s/J. Walter Newman IV*
J. WALTER NEWMAN IV

J. Walter Newman IV, MSB# 3832
NEWMAN & NEWMAN
587 Highland Colony Parkway
Ridgeland, MS 39157
Telephone No. (601) 948-0586
Email: wnewman95@msn.com
Attorney for Debtor

## CERTIFICATE OF SERVICE

I, J. WALTER NEWMAN IV, do hereby certify that I have this day served via United States mail, postage prepaid and/or Notice of Electronic Filing, a true and correct copy of the above and foregoing Pleading to the following:

> Office of The United States Trustee
> United States Courthouse
> 501 E. Court St., Suite 6-430
> Jackson, MS 39201
> USTPRegion05.JA.ECF@usdoj.gov
>
> Kate Ellis
> McCarron & Diess
> 4530 Wisconsin Avenue, N.W., Suite 301
> Washington, DC 20016
> Email: kellis@mccarronlaw.com
> Attorney for FreshPoint Dallas, Inc.
>
> Rainbow Bridge Investors LLC
> P. O. Box 55454
> Jackson, MS 39296

Dated this the 11th day of September, 2018.

/s/J. Walter Newman IV
J. WALTER NEWMAN IV