## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

**RAINBOW NATURAL GROCERY COOPERATIVE**          CASE NO. 18-01604-EE

**DEBTOR**                                                        CHAPTER 11

### NOTICE

NOTICE IS HEREBY GIVEN, that on September 11, 2018, the Debtor filed its *Motion to Sell Substantially All of the Assets Owned by Rainbow Natural Grocery Cooperative, Free and Clear of Liens, Claims and Interests, with Liens Attaching to Proceeds of Sale, Outside the Ordinary Course of Business* [Docket No. 60].   A copy of the Motion is attached hereto.

NOTICE IS FURTHER GIVEN that any creditor or party in interest wishing to object to said Motion must file a written objection with the United States Bankruptcy Court for the Southern District of Mississippi, P. O. Box 2448, Jackson, MS 39225, and a copy must be served upon the attorney for Debtor, J. Walter Newman IV, 587 Highland Colony Parkway, Ridgeland, Mississippi 39157, and the United States Trustee, United States Courthouse, 501 E. Court St., Suite 6-430, Jackson, MS 39201. THE DEADLINE DATE FOR FILING OBJECTIONS TO THE APPLICATION IS TWENTY-ONE (21) DAYS FROM THE DATE OF THIS NOTICE.

NOTICE IS FURTHER GIVEN that if an objection is filed, the Court will set a hearing on same.  If no objections are timely filed, the Court may enter its Order approving the Motion ex parte.

This the 11th day of September, 2018.

*/s/J. Walter Newman IV*
J. WALTER NEWMAN IV

NEWMAN & NEWMAN
J. Walter Newman, IV, MSB# 3832
NEWMAN & NEWMAN
587 Highland Colony Parkway
Ridgeland, MS 39157
Phone: (601) 948-0586
Email: wnewman95@msn.com
Attorney for Debtor in Possession

## CERTIFICATE OF SERVICE

I, J. Walter Newman IV,  do hereby certify that on the 11ᵗʰ day of September, 2018, a copy of the *Motion to Sell Substantially All of the Assets Owned by Rainbow Natural Grocery Cooperative, Free and Clear of Liens, Claims and Interests, with Liens Attaching to Proceeds of Sale, Outside the Ordinary Course of Business* was served *via* United States Mail, postage pre-paid, and/or *via* electronic service through the Court's CM/ECF System to all parties listed on the Court's Mailing Matrix which is attached hereto.

DATED this the 11ᵗʰ day of September, 2018.

    */s/J. Walter Newman IV*
    J. WALTER NEWMAN IV

2

Label Matrix for local noticing
0538-3
Case 18-01604-ee
Southern District of Mississippi
Jackson-3 Divisional Office
Tue Sep 11 15:29:17 CDT 2018

Hope Federal Credit Union
4  Old River Place
Jackson, MS 39202-3434

MISSISSIPPI DEPARTMENT OF REVENUE
Sylvie Robinson
P. O. BOX 22808
JACKSON, MS 39225-2808

Rainbow Natural Grocery Cooperative
2807 Old Canton Road
Jackson, MS 39216-4212

U.S. Bankruptcy Court
501 East Court Street, Suite 2.300
P.O. Box 2448
Jackson, MS 39225-2448

A-1 Detective & Patrol Service
404 Meadowbrook Rd.
Jackson, MS 39206-5330

ASAP Printing
2801 Layfair Dr
Flowood, MS 39232-9501

After Hours Cleaning Service
P.O. Box 55908
Jackson, MS 39296-5908

Alternative Baking
3914 Kristi Court
Sacramento, CA 95827-9716

Alternative Baking Company, Inc.
Alternative Baking Co.
3914 Kristi Ct
Sacramento, CA 95827-9716

Alvin's Repair Service
P.O. Box 187
Tougaloo, MS 39174-0187

AmeriPride Service Inc.
P.O. Box 249
Bemidji, MN 56619-0249

Andi Lynn  Elderberries
P.O. Box 1286
Livingston, LA 70754-1286

Animal Supply
P.O. Box 142496
Irving, TX 75014-2496

Ann Daniel
2807 Old Canton Road
Jackson, MS 39216-4212

Anu Med Intl
3908 E. Broadway Rd.
Suite 100
Phoenix, AZ 85040-2995

Arora Creations Inc
31 Bridge Street
Metuchen, NJ 08840-2275

Beason Family Farm
10141 RD 1343
Philadelphia, MS 39350-4101

Bell Lifestyle Products Inc
07090 68th Street
South Haven, MI 49090-8119

Blue Mountain Organics
P.O. Box 898
Floyd, VA 24091-0898

Bluebonnet Nutrition
12915 Dairy Ashford
Sugar Land, TX 77478-3101

Buford Company
P.O. Box 8601
Jackson, MS 39284-8601

CANNAVEST
591 Camino De La Reina
Suite 1200
San Diego, CA 92108-3114

CSCI Corporation
4220 Lakeland Drive
Suite C
Flowood, MS 39232-9582

California Suncakes
P.O. Box 8688
Emeryville, CA 94662-0688

Chemical Products
P.O. Box 3816
Jackson, MS 39207-3816

Choctaw Fresh Produce
P.O. Box 6001
Choctaw, MS 39350-6001

Christopher H. Meredith
Copeland, Cook, Taylor & Bush, P.A.
for Hope Federal Credit Union
P.O. Box 6020
Ridgeland, MS 39158-6020

Cintas
P. O. Box 630921
Cincinnati, OH 45263-0921

Cogent Solutions
P.O. Box 13243
Lexington, KY 40583-3243

Computer & Equipment Sales, Inc
13979 HWY 18
Raymond, MS 39154-8925

Country Life Natural Foods
641 52nd St
Pullman, MI 49450-9200

Country Life Natural Foods
P.O. Box 489
Pullman, MI 49450-0489

Creative Distillery
3000 Old Canton Rd
Suite 455
Jackson, MS 39216-4236

Cynthia Eldridge for IRS
c/o United States Attorney
501 E. Court Street
Suite. 4.430
Jackson, MS 39201-5025

Davis Refrigiration
5846 N Commerce Plaza Suite E
Jackson, MS 39206-2936

Dead Sea Warehouse
10277 Iron Rock Way
Suite 100
Elk Grove, CA 95624-1360

Dennis Holmes
2807 Old Canton Road
Jackson, MS 39216-4212

Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia PA 19101-7346

Derma E
2130 Ward Ave
Simi Valley, CA 93065-1851

Digital Systems
221 Sunnybrook Rd Suite A
Ridgeland, MS 39157-2206

Dogtrot Farms
P.O. Box 555
Bentonia, MS 39040-0555

Down to Earth
P.O. Box 1419
Eugene, OR 97440-1419

Elephant Valley
633 Heindl Rd.
Canton, MS 39046-9781

Entergy Company
P. O. Box 8105
Baton Rouge, LA 70891-1000

Equal Exchange
15 Campanelli Circle
Canton, MA 02021-2480

Essential Formulas
1861 Valley View Lane St 180
Farmers Branch, TX 75234-8970

Euro Pharma
955 Challenger Dr
Green Bay, WI 54311-8348

Evanhealy
13741 Danielson Street
Suite A
Poway, CA 92064-6895

Extreme Health
1971 Airway Dr
Hollister, CA 95023-9095

Fair Tradegreen
2807 Old Canton Road
Jackson, MS 39216-4212

Flora Inc.
805 E Badger Rd
Lynden, WA 98264-9502

Foods Alive
P.O. Box 210
Angola, IN 46703-0210

Four Nuts By Nature
P.O. Box 64
Whitewater, WI 53190-0064

Freeman Water Treatment
P.O. Drawer 1216
Clinton, MS 39060-1216

Fresh Point Produce
4721 Simonton Rd
Dallas, TX 75244-5316

FreshPoint Dallas, Inc.
c/o Kate Ellis, Esq.
McCarron & Diess
4530 Wisconsin Ave. NW, Suite 301
Washington, DC 20016-4667

Frontier Co-op
3021 78th St
Norway, IA 52318-9520

Frontier Natural Products
P.O. Box 2296
Cedar Rapids, IA 52406-2296

GREEN FOODS
P.O. Box 2069
Rancho Cucamonga, CA 91729-2069

Genesis Today Inc
6800 Burleson Rd
#180
Austin, TX 78744-2325

Health and Diet
924 W Desert Hollow Dr
San Tan Valley, AZ 85143-3442

Heather Loraine
8400 N Magnolia Ave Suite D
Santee, CA 92071-4635

Herb Pharm
P.O. Box 116
Williams, OR 97544-0116

Hinds County Tax Collector
P. O. Box 1727
Jackson, MS 39215-1727

Hinds County Tax Collector
P.O. Box 127
Jackson, MS 39215

Hope Federal Credit Union
William H Leech & Christopher H Meredith
Copeland Cook Taylor & Bush
PO Box 6020
Ridgeland, MS 39158-6020

Hubert Company
25401 Network Place
Chicago, IL 60673-1254

Ice Chips Candy LLC
P.O. Box 2401
Yelm, WA 98597-2401

Indigo Wild
3125 Wyandotte
Kansas City, MO 64111-1330

Inner Health Group, Inc.
Adam Bucksbaum
6003 Randolph Blvd
San Antonio, TX 78233-5719

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
c/o United States Attorney
501 E. Court Street, Ste. 4.430
Jackson, MS 39201-5025

JBR Coffee
1731 Aviation Blvd
Lincoln, CA 95648-9317

Jackson Paper Company
4400-C Mangum Dr
Flowood, MS 39232-2113

Jarrow Formula
1824 S. Robertson Blvd.
Los Angeles, CA 90035-4317

Just Tomatoes
P.O. Box 807
Westley, CA 95387-0807

Kehe Distributors, LLC
Layla Smith
12740 Gran Bay Pkwy W #2200
Jacksonville, FL 32258-5494

Kickapoo Properties, LP
1790 Kickapoo Road
Clinton, MS 39056-9497

Kuumba Made
410 E. Ft. Lowell Rd.
Tucson, AZ 85705-3927

Lamar Advertising Company
Credit Department
P.O. Box 66338
Baton Rouge, LA 70896-6338

Lamar Companies
P.O. Box 96030
Baton Rogue, LA 70896-9030

Larrys Beans
1507 Gavin Street
Raleigh, NC 27608-2613

Le Creuset of America
P.O. Box 277408
Atlanta, GA 30384-7408

Livin Spoonful Inc
P.O. Box 18134
Portland, OR 97218-0134

Lumina Health Products
2301 Porter Lake Drive
Sarasota, FL 34240-8856

MS Department of Employment Security
P. O. Box 1699
Jackson, MS 39215-1699

(p)MISSISSIPPI STATE TAX COMMISSION
P O BOX 22808
JACKSON MS 39225-2808

McInvale Heating & Air In.
P.O. Box 2658
Ridgeland, MS 39158-2658

Mega Foods
CL800134
P. O. Box 983033
Boston, MA 02298-3033

Michaels
6003 Randolph Blvd
San Antonio, TX 78233-5719

Millennium Research
99 West Mill Rd
BLDG 22
Long Valley, NJ 07853-3465

Mississippi Department of Revenue
Bankruptcy Section
P.O. Box 22808
Jackson, MS 39225-2808

Mychelle Dermaceuticals
1301 Courtesy Rd
Louisville, CO 80027-1416

MycoLogical Natural Products
P.O. Box 24940
Eugene, OR 97402-0444

NCAT
510 George ST.
Suite 212
Jackson, MS 39202-3029

Natural Foods Inc.
3040 Hill Ave.
Toledo, OH 43607-2983

Natural Vitality
12200 ANDERSON MILL RD
AUSTIN, TX 78726-1116

Nature's Most
60 Trigo Drive
Middletown, CT 06457-6157

New Wave Enviro
P.O. Box 4146
Englewood, CO 80155-4146

Newton Lab
455 Gees Mill Business Ct NE
Conyers, GA 30013-1577

North Bay Trading
P.O. box 129
Brule, WI 54820-0129

Nutraceutial
P.O. Box 12850
Ogden, UT 84412-2850

NutriBiotic
P.O. Box 238
Lakeport, CA 95453-0238

Office Enviroments
100 E. Capital Street
Jackson, MS 39201-2112

Old South Winery
65 South Concord Ave
Natchez, MS 39120-6806

Old South Winery
65 South Concord St
Natchez, MS 39120-6806

Optimal Health Knowledge
2177 NE 62nd CT
Fort Lauderdale, FL 33308-1360

Ora Medix
339 E Ave K-8 Suite 117
Lancaster, CA 93535-4551

Oramedix Inc
PO Box 5357
Lancaster CA 93539-5357

Oregon Kombucha
6720 NE ML King Blvd.
Portland, OR 97211-3038

Oregon's Wild Harvest
1601 NE Hamlock Ave
Redmond, OR 97756-1666

Oregons Wild Harvest
1601 NE Hemlock Ave
Redmond, OR 97756-1666

Pennington Farms
194 Coooper Hurst Road
Pearl, MS 39208-4624

Pennington Farms Honey
194 Cooper Hurst Road
Pearl, MS 39208-4624

Pietro DeMarco
1185 Saw Mill River Rd
Yonkers, NY 10710-3240

Planet Earth Gifts
P.O. Box 1821
Eastsound, WA 98245-1821

Plant Devas Inc. dba Evan Healy
Plant Devas Inc.
13741 Danielson St., Suite A
Poway, CA 92064-6895

Pure Bliss
1165 Allgood Rd
Suite 14
Marietta, GA 30062-2256

Pure Essence
P.O. Box 95397
Las Vegas, NV 89193-5397

RGH Enterprises, Inc.
Servpro of Jackson
PO Box 13672
Jackson, MS 39236-3672

RJ Young
P. O. Box 40205
Nashville, TN 37204-0205

Rainbow Bridge LLC
2807 Old Canton Road
Jackson, MS 39216-4212

Ramakrishnananda Gifts
858 Route 212
Saugerties, NY 12477-3437

Raw Shakti Chocolate LLC
355 Cummins Road
Asheville, NC 28805-1716

Redmond Trading Company
P.O. Box 1550
American Fork, UT 84003-6550

Renew Life
198 Palm Harbor Blvd
Alt. 19
South Palm Harbor, FL 34683-5540

Renew Life Formulas, Inc.
Cynthia Smith, CCE
3655 Brookside Parkway, Ste 300
Alpharetta, GA 30022-1430

Republic Services
P. O. Box 9001099
Louisville, KY 40290-1099

Reserve Life Nutrition
2255 Glades Rd
Suite 342
W Boca Ration, FL 33431-7379

Ribbon Naturals
14100 McCormick Dr.
Tampa, FL 33626-3018

SERVPRO
P.O. Box, Mississippi 13672
Jackson, MS 39236

Salad Days
1399 Kickapoo Rd
Clinton, MS 39056-9522

Salad Days, LLC
256 First Street
Flora, MS 39071-9212

Seeds of Change
2555 South Dominguez Hills Dr
Rancho Dominguez, CA 90220-6402

Sequel Naturals Inc
3001 Wayburne Drive
Unit 101
Burnaby, BC V5G 4W3, Canada

Service Plus Communications
P.O. Box 420
Clinton, MS 39060-0420

Stanley Access Technologies
P.O. Box 0371595
Pittsburgh, PA 15251-0001

Sunrise Fresh Produce
4229 Michael Avalon Dr
Jackson, MS 39209-2651

Sylvie D. Robinson
Mississippi Department of Revenue
Post Office Box 22828
Jackson, MS 39225-2828

TEW & Goodman, PA
2202 Old Branon Rd
Pearl, MS 39208-4509

The Brenmar Company
P.O. Box 3770
Omaha, NE 68103-0770

The Salve Company
#31 Pacific Basin Rd.
MGlenwood, NM 88039-9021

Trace Minerals
P.O. Box 429
Roy, UT 84067-0429

Tree Of Life
P.O. Box 32082
New York, NY 10087-2082

Two Dog Farms
P.O. Box 914
Flora, MS 39071-0914

U.S. Securities and Exchange Commission
Office of Reorganization
950 East Paces Ferry Road, Suite 900
Atlanta, GA 30326-1382

U.S. Securities and Exchange Commission
c/o United States Attorney
501 E. Court Street, Ste. 4.430
Jackson, MS 39201-5025

Ultra Aesthetics
48 Sperry Rd
Watertown, CT 06795-3020

Ultra Labs
20611 Belshaw Ave
Carson, CA 90746-3507

United Natural Foods East
P.O. Box 41979
Boston, MA 02241-9719

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201-5022

Wild Alaska Salmon & Seafood
P.O. BOX 602
KING SALMON, AK 99613-0602

William H. Leech
Copeland, Cook, Taylor & Bush, P.A.
for Hope Federal Credit Union
P.O. Box 6020
Ridgeland, MS 39158-6020

Wyndmere Naturals
3001 Louisiana Avenue N
New Hope, MN 55427-2944

YP Advertising
P.O. Box 5010
Carol Stream, IL 60197-5010

Zellie's
4301 W. William Cannon Dr
Suite B 150-324
Austin, TX 78749-1473

J. Walter Newman IV
Newman & Newman
587 Highland Colony Parkway
Ridgeland, MS 39157-8784

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
P. O. Box 21126
Philadelphia, PA 19114

(d)Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

MS State Tax Commission
Bankruptcy Section
P.O. Box 23338
Jackson, MS 39225

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Cintas
P.O. Box 630921
Cincinnati, OH 45263-0921

End of Label Matrix
Mailable recipients    157
Bypassed recipients      1
Total                  158

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

RAINBOW NATURAL GROCERY COOPERATIVE        CASE NO. 18-01604-EE

DEBTOR        CHAPTER 11

## MOTION TO SELL SUBSTANTIALLY ALL OF THE ASSETS OWNED BY RAINBOW NATURAL GROCERY COOPERATIVE, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS, WITH LIENS ATTACHING TO PROCEEDS OF SALE, OUTSIDE THE ORDINARY COURSE OF BUSINESS

COMES NOW, Rainbow Natural Grocery Cooperative (the "Movant" or the "Debtor") and files this, its *Motion to Sell Substantially All of the Assets Owned by Rainbow Natural Grocery Cooperative, Free and Clear of Liens, Claims and Interests, with Liens Attaching to Proceeds of Sale, Outside the Ordinary Course of Business* (the "Motion"), and in support thereof would respectfully show as follows, to-wit:

### INTRODUCTION AND BACKGROUND

1.      Debtor initiated this case by the filing of Voluntary Petition under Chapter 11 of the Bankruptcy Code on the 23rd day of April, 2018.  Movant is the Debtor-in-Possession in this Chapter 11 case.  Subsequent thereto, the Debtor has been, and is, the duly qualified, and acting Debtor-in-Possession in this Chapter 11 case.  The Debtor is in control of its assets and is managing and operating the Debtor-in-Possession's businesses.

2.      This Honorable Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105, 363, 365, 503, 507, 1107, related statutes, related rules and various orders of reference.  This is a core proceeding.

3.      Debtor, Rainbow Natural Grocery Cooperative operated an organic grocery store up until it closed in August 2018.

4.    An Application of Debtor to Employ Jeff Speed of Speed Commercial Real Estate as a Broker will be filed simultaneously with this motion. Jeff Speed has conducted extensive negotiations and discussions with various interested parties for the sale of the building located at 2807 Old Canton Road, Jackson, MS 39216 and has received an offer to purchase the building from WBA Investments, LLC ("WBA") dated as of September 4, 2018, a copy of which is attached, incorporated by reference and marked as **Exhibit "A"** hereto. The purchase price is $725,000.00 and $10,000.00 earnest money is being held by Speed Commercial Real Estate. A description of the property is attached hereto as **Exhibit "B"** .

5.    The offer represents the best opportunity for the Debtor to continue to operate and to preserve their going concern value and to generate the greatest return to the creditor and parties in interest.

6.    The Debtor believes that a sale of its assets as contemplated by this Motion will maximize the value of the estate.

7.    The Debtor believes that in the event the Motion is approved, the result will be a successful sale of the Debtor's assets.

8.    Accordingly, the Debtor at this time seeks authority to sell the assets.

9.    In addition to the relief set forth above, upon a hearing with respect to the Motion, the Debtor request entry of an order that will, *inter alia*, (i) find that the buyer(s) of the assets has negotiated and purchased in good faith, and (ii)waive any stays, if they exist, set forth in the Bankruptcy Rules so the sale can be closed as soon as possible.

10.    A prompt sale of the assets to WBA will likely enable the Debtor to realize good value for the assets. The Debtor believes that the terms and conditions set forth in the Motion are fair and equitable to the purchaser and the Debtor, and thus reflect a transaction that will

ultimately result in a successful sale of the Debtor's assets. The Debtor believes that any material delay in consummating the proposed sale of the assets will result in a reduction in the value of the Debtor's assets. Therefore, the Debtor submits that the proposed sale of the assets to WBA is justified and should be approved by the Court.

11.     In accordance with Bankruptcy Rule 6004(f)(1), sales of property rights outside the ordinary course of business may be by private sale or public auction. The Debtor has determined that a private sale of the assets is in the best interests of the Debtor, its estate, and its creditors.

12.     Section 363 of the Bankruptcy Code provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105(a) of the Bankruptcy Code provides, in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

13.     Although Section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale, or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the second business judgment of the debtor. *See, e.g., In re Trans World Airlines, Inc.,* Case No. 01-00056, 2001 WL 1820326, at *10-11 (Bankr.D.Del. Apr, 2, 2001); *Meyers v. Martin(In re Martin)*, 901 F.3d 389, 395 (3rd Cir. 1996).

14.     Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was given to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the

-3-

parties have acted in good faith. *See In re Del. & Hudson Ry.,* 124 B.R. at 176. In *In re Del. & Hudson Ry.,* the court further held that:

> [o]nce a court is satisfied that there is a sound business reason or an emergency justifying the pre-confirmation sale, the court must also determine that the trustee has provided the interested parties with adequate and reasonable notice, that the sale price is fair and reasonable and that the [proposed] purchaser is proceeding in good faith.

124 B.R. at 176.

15.    The business judgment rule shields a debtor's management from judicial second guessing. *See In re Tower Air,* 416 F.3d 229, 238 (3d Cir. 2005). Once a debtor articulates a valid business justification, "[t]he business judgment rule is a presumption that directors act in good faith, on an informed basis, honestly believing that their action is in the best interests of the company." *Id.* Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under section 363(b)(1) of the Bankruptcy Code.

16.    A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, its creditors, or interest holders. *See, e.g., In re Lionel Corp.,* 722 F.2d 1063,1071 (2nd Cir. 1983). In fact, the paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate. *See In re Food Barn Stores, Inc.,* 107 F.3d 558, 56465 (8th Cir. 1997) (noting that in bankruptcy sales, "a primary objective of the [Bankruptcy] Code [is] to enhance the value of the estate at hand"); *In re Integrated Res., Inc.,* 147 B.R. at 659 ("It is a well established principle of bankruptcy law that the . . . [Debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.") (quoting *In re Atlanta Packaging Prods., Inc.,* 99 B.R. 124,130 (Bankr. N.D. Ga. 1988)). Here, in light of the Debtor's current condition, and prior orders requiring the Debtor to sell the assets,

-4-

no further justification is needed.

17.    The Debtors secured creditors are Hope Federal Credit Union, Rainbow Bridge Investors LLC and FreshPoint Dallas, Inc., which is licensed as a produce dealer subject to and licensed under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499 ("PACA") and holds a valid claim against the Debtor arising from the sale of produce and that is subject to special protection under the PACA Trust. The three secured creditors will be paid in full from the proceeds of the sale for full satisfaction of their claim and will cancel any and all Mortgages or Deeds of Trust or liens of any kind against the property.  Also, Debtor is delinquent in its quarterly fees to the Unites States Trustee's office which should be brought current at closing. In addition there may be some taxes that must be paid at closing.

18.    The sale of the assets will be consummated only after thorough consideration of all viable alternatives and after concluding that such transactions are supported by sound business justifications.  Since the Debtor and its secured creditors have agreed that the assets must be sold, the business justifications for the requested sales are self-evident.  Based on available information, the Debtor believes that the consideration to be received for the assets will be fair and reasonable under the circumstances.

19.    The Debtor further submits that it is appropriate to sell the assets free and clear of (i) any Permitted Encumbrances or (ii) any permitted Liens, with any such Liens attached to the net sale proceeds of the assets, as and to the extent applicable.  Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests, and encumbrances if:

      (1)    applicable nonbankruptcy law permits sale of such property
             free and clear of such interests;
      (2)    such entity consents;
      (3)    such interest is a lien and the price at which such property

                    is to be sold is greater than the value of all liens on such property;

    (4)      such interest is in *bona fide* dispute; or

    (5)      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

20.    Because Section 363(f) of the Bankruptcy Code is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to permit the sale of the assets "free and clear" of Liens. *In re Decora Indus., Inc.,* Case No. 004459 (JJF), 2002 WL 32332749, at *7 (D. Del. May 20, 2002) ("Because § 363(f) is drafted in the disjunctive, the satisfaction of any of the requirements outlined is sufficient to warrant Debtors' sale of the Debtor's assets free and clear of all Interests").

21.    The Debtor believes that one or more of the tests of Section 363(f) of the Bankruptcy Code are satisfied with respect to the transfer of the assets and the assignment of contracts and leases.  In particular, the Debtor believes that at least Section 363(f)(2) of the Bankruptcy Code will be met in connection with the transactions proposed because the parties holding the secured liens on the assets, will consent, or, absent any objection to this Motion, will be deemed to have consented to, the Motion.

22.    The holder of the secured liens also will be adequately protected by having their liens attach to the sale proceeds received by the Debtor for the sale of the assets, in the same order of priority, with the same validity, force, and effect that such creditors had prior to such sale, subject to any claims and defenses that the Debtor and its estate may possess with respect thereto.  Accordingly, Section 363(f) of the Bankruptcy Code authorizes the sale of the assets and the assignment of the contracts and leases free and clear of any such Liens.

23.    WBA is not liable for any of the Debtor's liabilities as a successor or otherwise, unless WBA expressly assumes such liabilities as provided for in the Contract.

24.     Although Section 363(f) of the Bankruptcy Code provides for the sale of assets "free and clear of any interests," the term "any interest" is not defined in the Bankruptcy Code. *Folger Adam Security* v. *DeMatteis/MacGregor .IV,* 209 F.3d 252, 257 (3d Cir. 2000). In *In re Trans World Airlines, Inc.,* the Third Circuit specifically addressed the scope of the term "any interest." 322 F.3d 283, 28889 (3d Cir. 2003). The Third Circuit observed that while some courts have "narrowly interpreted interests in property to mean *in rem* interests in property," the trend in modern cases is toward "a more expansive reading of 'interests in property' which 'encompasses other obligations that may flow from ownership of the property.'" *Id.* at 289 (citing 3 *Collier on Bankruptcy 1363.06[1]).*

25.     Courts have held that a buyer of a debtor's assets pursuant to a Section 363 sale takes free from successor liability resulting from preexisting claims. *See The Ninth Ave. Remedial Group* v. *Allis-Chalmers Corp.,* 195 B.R. 716, 732 (N.D. Ind. 1996) (stating that a bankruptcy court has the power to sell assets free and clear of any interest that could be brought against the bankruptcy estate during the bankruptcy); *MacArthur Co.* v. *Johns-Manville Corp. (In re Johns-Manville Corp.),* 837 F.2d 89, 9394 (2d Cir. 1988) (holding channeling of claims to proceeds consistent with intent of sale free and clear under Section 363(f) of the Bankruptcy Code); *In re New England Fish Co.,* 19 B.R. 323, 329 (Bankr. W.D. Wash. 1982) (holding transfer of property in free and clear sale included free and clear of Title VII employment discrimination and civil rights claims of debtor's employees); *In re Hoffman,* 53 B.R. 874, 876 (Bankr. D.R.I. 1985) (holding that transfer of liquor license free and clear of any interest permissible even though the estate had unpaid taxes was permissible).

26.     Here, this Chapter 11 Case was filed in good faith. The sale process has also been, and will be, conducted in good faith and at arm's length. The Debtor expects that if the Court

approves a sale of the assets, it will be able to satisfy the Court that (a) the purchaser engaged in arm's length negotiations with the Debtor and did not exert control or undue influence over the Debtor, (b) the purchaser is a completely and wholly unrelated entity to the Debtor, (c) the purchaser does not, and will not, share any common incorporators, officers, directors, or stockholders with the Debtor, and (d) the purchaser is not an insider of the Debtor.

27.     For obvious reasons, the very purpose of an order purporting to authorize the transfer of assets free and clear of all "interests" would be frustrated if claimants could thereafter use the transfer as a basis to assert claims against a purchaser arising from a seller's presale conduct. Furthermore, the Debtor will provide notice of the proposed sale to all known parties in interest that may assert claims or interests relating to the assets against the Debtor, including trade creditors, contract counterparties, lenders, and other parties known to the Debtor to be asserting claims relating to the assets.

28.     Under Section 363(f) of the Bankruptcy Code, a purchaser of assets is entitled to know that the assets are not subject to latent claims that will be asserted against the purchaser after the proposed transaction is completed. Accordingly, consistent with the above cited case law, the order approving the sale of the assets may provide that the purchaser of the assets is not liable as a successor under any theory of successor liability, for claims that encumber or relate to the assets.

29.     Accordingly, absent a showing of fraud, collusion between a purchaser and a debtor, or an attempt by the purchaser to take grossly unfair advantage of other bidders, courts will uphold the transaction under Section 363(m) of the Bankruptcy Code. *See, e.g., In re Trans World Airlines, Inc.,* Case No. Civ. A. 01226 (SLR), 2002 WL 500569, *1 (D. Del. Mar. 26, 2002) (upholding bankruptcy court's ruling premised on finding that there was 'no evidence of

-8-

unlawful insider influence or improper conduct,' nor was there "any evidence of fraud or collusion between [the prevailing purchaser] and [debtors], or [the prevailing purchaser] and other bidders," that sale was in good faith); *see also Kabro Assocs. of West Islip, LLC. v. Colony Hill Assocs. (In re Colony Hill Assocs.),* Ill. F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.")

30.    Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that upon a hearing hereof, this Honorable Court will enter its Order granting the Motion and authorizing the Debtor to execute such instruments of transfer as commercially reasonable and necessary to consummate and effectuate the contemplated transaction hereunder, and that the Court will approve the sales of the assets free and clear of liens, claims, encumbrances and interests. The Debtor prays for general relief.

DATED, this the 11th day of September, 2018.

RAINBOW NATURAL
GROCERY COOPERATIVE


*/s/J. Walter Newman IV*
J. WALTER NEWMAN IV

J. Walter Newman IV, MSB# 3832
NEWMAN & NEWMAN
587 Highland Colony Parkway
Ridgeland, MS 39157
Telephone No. (601) 948-0586
Email: wnewman95@msn.com
Attorney for Debtor

-9-

## CERTIFICATE OF SERVICE

I, J. WALTER NEWMAN IV, do hereby certify that I have this day served via United States mail, postage prepaid and/or Notice of Electronic Filing, a true and correct copy of the above and foregoing Pleading to the following:

> Office of The United States Trustee
> United States Courthouse
> 501 E. Court St., Suite 6-430
> Jackson, MS 39201
> USTPRegion05.JA.ECF@usdoj.gov
>
> Kate Ellis
> McCarron & Diess
> 4530 Wisconsin Avenue, N.W., Suite 301
> Washington, DC 20016
> Email: kellis@mccarronlaw.com
> Attorney for FreshPoint Dallas, Inc.
>
> Rainbow Bridge Investors LLC
> P. O. Box 55454
> Jackson, MS 39296

Dated this the 11th day of September, 2018.

                                   /s/J. Walter Newman IV
                                   J. WALTER NEWMAN IV



P.O. BOX 0806, Ridgeland, MS 39158
Phone: (601) 987-0202 ◆ FAX: (601) 510-9111

## COMMERCIAL PROPERTY CONTRACT

THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. YOU MAY WANT LEGAL ADVICE BEFORE SIGNING

In consideration of the mutual premises contained herein, the undersigned Seller agrees to sell to the undersigned Buyer, who agrees to buy, the herein described property on the terms and conditions stated below and on the reverse hereof. Both Buyer and Seller acknowledge that the undersigned BROKER is the procuring cause of this sale.

1.  PROPERTY DESCRIPTION: City of Jackson, County of Hinds, State of Mississippi, real property described as 2807 Old Canton Road, Jackson, MS 39216., Tax Parcel No. 47-6, consisting +/- 11,500 square foot building.

2.  PRICE: The purchase price of the property is firm...................................................................................$ ~~700,000.00~~
    Payable as follows: Certified or Cashiers Check at closeout, subject to adjustments and pro-rations.   725,000 00

3.  CERTAIN COSTS PAID BY: (S for Seller; B for Buyer; N/A if not applicable): Discount: _S_ Origination Fee: _S_
    Appraisal: _S_ Survey: _S_ Attorney's Fee including Certificate of Title and transfer instrument: _S_ Loan Title Insurance:
    _S_ Loan Transfer Fee: _S_ Prepaid and Escrow Items: _S_ Other Closing Costs: _S_

4.  DEPOSIT: Buyer has deposited with Broker Speed Commercial Real Estate, LLC the sum of $ _10,000.00_ cash/check as
    earnest money, which will be held in a non-interest bearing account. The same is to be applied to the cash down payment on
    closing of this transaction. Should Buyer require approval for a specified loan for any part of the purchase price, and after
    applying therefore in good faith, be unable to secure such loan, then the earnest money shall be returned in full to Buyer.

5.  a.  CLOSING DATE: On or before _~~10/05/18~~_ _10/19/18_
    b.  POSSESSION WITH DEED

6.  COMMISSION: Seller of property sold under this contract agrees to pay Broker Speed Commercial Real Estate, LLC per
    separate agreement.

7.  INSURANCE: Buyer shall provide new policies at closing.

8.  PRORATION: Property taxes are to be prorated as of the closing date. Security deposits, advance rentals or considerations
    involving future lease credits, shall be credited to Buyer as of the closing date.

9.  SPECIAL PROVISIONS:
    a.  Buyer shall have Thirty (30) days from effective date of this contract to perform all due diligence and inspections, which
        shall include, but not be limited to, confirmation of all governmental and zoning and permitting requirements.
    b.  Closing shall be within _Thirty_ (_30_) days of the end of due diligence and inspection period.

1

Initials of Parties:   Buyer _MWB_   Buyer _____   Seller _GH_   Seller _____

EXHIBIT

A

10. TITLE AND CONVEYANCE: Seller is to convey by General Warranty Deed or Lease Assignment (as appropriate) and provide Buyer with a Certificate of Title prepared by an attorney upon whose Certificate Title Insurance may be obtained from a title insurance company qualified to do and doing business in the State of Mississippi. Seller shall, prior to or at closing, satisfy all outstanding mortgages, deeds of trust and special liens affecting the subject property which are not specifically assumed by Buyer herein. Title shall be good and marketable, subject only to the following items recorded in the Chancery Clerk's office of said County: easements without encroachments, applicable zoning ordinances, protective covenants and prior mineral reservations; otherwise Buyer, at his option, may either: (a) if defects cannot be cured by designated closing date, cancel this contract, in which case all earnest money deposited shall be returned, (b) accept title as is, or (c) if the defects are of such character that they can be remedied by legal action within a reasonable time, permit Seller such reasonable time to perform his curative work at Seller's expense. In the event that the curative work is performed by Seller, the time specified herein for closing of this sale shall be extended for a reasonable period necessary for such action. Seller represents that the property may be legally used as zoned and that no government agency has served any notice requiring repairs, alterations or corrections of any existing condition except as stated herein.

11. BREACH OF CONTRACT: Specific performance is the essence of this contract, except as otherwise specifically provided for in paragraphs 4, 10 and 16 hereof and as further delineated below:

a. In the event of breach of this contract by Buyer, Seller at his option may either: (1) accept the earnest money deposit as liquidated damages and this contract shall then be null and void; or (2) enter suit in any court of competent jurisdiction for damages, giving credit on said damages for the sale earnest money deposit; or (3) enter suit in any court of competent jurisdiction for specific performance. If Seller accepts the earnest money deposit as liquidated damages, or if Seller litigates for additional damages in any court of law, Broker shall be paid one half (1/2) of the earnest money deposit, or damages awarded, but not to exceed the full commission provided herein. If Seller succeeds in a suit for specific performance, Broker shall be paid the full commission by Seller.

b. In the event of breach of contract by Seller, Buyer at his option may either: (1) accept the return of the earnest money deposit and cancel the contract; or (2) enter suit for damages in any court of competent jurisdiction; or (3) enter suit in any court of competent jurisdiction for specific performance. In the event of breach of contract by Seller, Broker shall be paid the full commission by Seller regardless of any action taken by Buyer.

c. If it becomes necessary to insure the performance of the conditions of this contract for either party to hire legal counsel, then the defaulting party agrees to pay reasonable attorney's fees and costs in connection therewith.

12. SURVIVAL OF CONTRACT: All express representations, warranties and covenants contained herein shall survive closing except where herein specified to the contrary. All other contractual obligations shall terminate with the closing.

★ 13. CONDITION OF PROPERTY AND ACCEPTANCE: Buyer hereby represents that he has personally inspected and examined the above mentioned premises and all improvements thereon and accepts the property in its "as is" and present condition. Buyer hereby acknowledges that unless otherwise set forth in writing elsewhere in this contract neither Broker nor Seller nor their representatives have made any representations concerning the present or past structural condition of the property. Buyer also hereby agrees that he will not hold either Broker or Seller or their representatives responsible or liable for any present or future structural problems or damage to said property. ★ SUBJECT TO DUE DILIGENCE PROVISIONS IN SECTION 9 "SPECIAL PROVISIONS" OF THIS AGREEMENT. *NWB*

14. RISK OF LOSS: This contract is further conditioned upon delivery of the improvements in their present condition and in the event of material damage by fire or otherwise, before closing. Buyer may declare this contract void and shall be entitled to the return of his earnest money, or Buyer may elect to complete the transaction in accordance with this contract provided the property is restored by Seller at Seller's expense prior to closing. Seller agrees to keep the subject property insured against fire and extended coverage risks until closing.

15. RESPONSIBILITY OF BROKER: This instrument contains all of the terms of this sale, and no representations have been made by anyone other than are herein contained. No agent or representative of Broker has any power to make any representations as to the property or any statement, unless and except fully embodied herein in writing. Broker assumes no responsibility for the performance of this contract by either party hereto or for the condition of the subject property.

16. AGREEMENT OF PARTIES: This contract incorporates all prior agreements between the parties, contains the entire and final agreement of the parties, and cannot be changed except by their written consent. Neither party has relied upon any statement or representation made by the other party or the sales representative bringing the parties together not contained herein. Neither party shall be bound by any terms, conditions, oral statements, warranties, or representations not herein contained. Each party acknowledges that he has read and understands this contract. The provisions of this contract shall apply to and bind the heirs, executors, administrators, successors and assigns of the respective parties hereto. Gender and

2

Initials of Parties:   Buyer _NWB_   Buyer _____   Seller _BH_   Seller _____

number, as herein used, shall be changed as the context may require. This contract shall be governed by the laws of the State of Mississippi. If any provision of this contract is invalid or unenforceable, the other provisions herein shall remain in full force and effect and shall be liberally construed in order to effectuate the purpose and intent of this contract. Each party hereby acknowledges receipt of a duplicate original hereof.

17.  **BUYER'S STATEMENT:** Buyer hereby acknowledges and fully understands that Broker, the listing broker, and their associates are all the agents of Seller and have a fiduciary duty to represent the interests of Seller. While Broker and his associates must deal with Buyer honestly and fairly, they are not the agents of Buyer and do not represent the interests of Buyer. If Buyer considers it necessary, he should seek the advice and representation of a lawyer or another real estate broker or both. Buyer hereby acknowledges that he has been advised by Broker of the protection offered by owner's title insurance. Buyer acknowledges further that he has not received or relied upon any statements or representations regarding the effect of this transaction upon Buyer's tax or legal liability, the size or condition of the property, previous flooding or the presence of urea formaldehyde insulation, radon gas, asbestos containing material, or any form of hazardous material, and agrees to hold Broker harmless from any liability with regard to these items, conditions or statements. Buyer further acknowledges that he has been encouraged to secure a third-party inspection of the property to verify its condition.

18.  **SELLER'S STATEMENT:** The offer stated herein is hereby accepted and Seller agrees to sell the herein described property on the terms and conditions set forth herein. Seller agrees to pay Broker a commission for services rendered as set forth in the Listing Agreement in affect between Seller and Broker. If Broker collects this commission or any part thereof through legal action, Seller agrees to pay court costs and reasonable attorney's fees. This agreement shall not limit the rights of Broker as set forth in said Listing Agreement, and said Listing Agreement is extended through the closing date of this contract or any other renegotiated contract between the parties hereto or their assigns. Any commission or fee due hereunder shall be earned and payable upon presentation of Buyer ready, willing and able at and price and terms acceptable to Seller, although Broker agrees to accept said commission or fee at closing as an accommodation to Seller. Seller hereby acknowledges that he has not received or relied upon any statements or representations regarding the effect of this transaction upon Seller's tax or legal liability, or the enforceability of any due-on-sale clauses in any existing loan documents, and agrees to hold Broker harmless from any liability with regard to same.

19.  **CHANGES DURING TRANSACTION:** While this transaction is pending, Seller agrees that no changes in the existing leases or rental agreements shall be made, no new leases or rental agreements entered into, nor shall any substantial alterations or repairs be made or undertaken without written consent of Buyer.

City _____ State _____         Date _____

Buyer: _Michael W. Boerne_         EI # _46-5842826_   Phone _601-559-6241_
_MICHAEL W. BOERNER_                             WBA INVESTMENTS, LLC
Print Name:

City _Jackson_ State _MS_         Date _9·4·18_

Seller: Rainbow Natural Grocery

By: _Beth Henry_         EI # _____   Phone _601-624-9481_

Title: _Vice President_

Subject to the clearance of any check, Broker acknowledges receipt of the above mentioned earnest money and holds same in trust subject to the terms of this contract.

Broker: _Jeff Speed CRES_         By: _Jeff Speed (Speed CRES)_

Convey title to (please print): _____
_____
_____

3

Initials of Parties:  Buyer _MWB_  Buyer _____,  Seller _BH_  Seller _____

EXHIBIT A
LEGAL DESCRIPTION        BOOK 4904 PAGE 654

A tract of land located in part of Lots C and G ISHAM CADE SURVEY a subdivision according to a map or plat thereof which is on file and of record in the office of the Chancery Clerk of Hinds County at Jackson, Mississippi, in Plat Book B, Page 7, reference to which is hereby made in aid of and as a part of this description and being situated in the West One-half (W 1/2) of Section 26, Township 6 North, Range 1 East, Jackson, Hinds County, Mississippi, containing 0.474 acres, more or less, and being more particularly described as follows:

Commencing at a point where the West line of Old Canton Road intersects the South line of Fondren Place, run thence Southerly along the West line of Old Canton Road 80.00 feet to the Northeast corner of that parcel conveyed to Standard Life Insurance Company of the South as recorded in Deed Book 630 at Page 49 of the Chancery Records of Hinds County at Jackson, Mississippi and the POINT OF BEGINNING of the property herein described.

Turn right through an angle of 90 degrees and run Westerly along the North line of aforesaid Standard Life Insurance Company of the South parcel for a distance of 279.0 feet to a point, said point being further described as the Northwest corner of an existing building; thence turn left through an angle of 90 degrees and run Southerly 38.0 feet; then turn right through an angle of 90 degrees and run Westerly 6.7 feet; thence turn left through an angle of 90 degrees and run Southerly 12.7 feet; thence turn right through an angle of 90 degrees and run Westerly 6.0 feet; thence turn left through an angle of 90 degrees and run Southerly 21.3 feet to the Southwest corner of an existing building and the Southeast corner of aforesaid Standard Life Insurance Company of the South parcel; thence turn left through an angle of 90 degrees and run easterly along the South line of an existing building and building line extended, said line being the South line of aforesaid Standard Life Insurance Company of the South parcel, for a distance of 291.7 feet to the West line of Old Canton Road; thence turn left through an angle of 90 degrees and run Northerly along the West line of Old Canton Road 72.0 feet to the POINT OF BEGINNING.

TRACT II

That certain property situated in Hinds County, Mississippi, more particularly described as follows, to-wit:

A tract of land located in part of Lots C and G ISHAM CADE SURVEY a subdivision according to a map or plat thereof which is on file and of record in the office of the Chancery Clerk of Hinds County at Jackson, Mississippi, in Plat Book B Page 7, reference to which is hereby made in aid of and as a part of this description and being situated in the West one-half (W 1/2) of Section 26, Township 6 North, Range 1 East, Jackson, Hinds County, Mississippi, and being more particularly described as follows:

Beginning at a point which is the intersection of Fondren Place and Old Canton Road (previously known and referred to as Canton Avenue), as said streets are now laid out and improved in the City of Jackson, run South along the West line of said Old Canton Road, a distance of 79.95 feet, more or less, to the North line of that parcel of property conveyed to the Standard Life Insurance Company of the South in Deed Book 630 at Page 49; and later conveyed to Mississippi Blood Services, Inc., in Deed Book 3160, at Page 158; run thence Westerly along the North line of said property 277.72 feet, more or less, to a point which is the Northwest (N.W.) corner of a brick store building now located and in place on said property, which said point is the Point of Beginning for the description of the property herein conveyed; thence run South 39.03 feet, more or less, along the West edge of said store building to the North edge of a Westerly projection in said building; thence run West 6 feet 8 inches, more or less, to the Northwest edge of said Westerly projection; thence, run South along Westerly projection of said building 12 feet 8 inches to a point; thence run West along the North edge of another Westerly projection of said building 6 feet to a point; thence, run South along said edge 21 feet 4 inches to a point which is the Southwest (S.W.) corner of the property previously conveyed to the Standard Life Insurance Company of the South in said Deed Book 630 at Page 49; and thereafter conveyed to Mississippi Blood Services, Inc., in Deed Book 3160 at Page 158; run thence Westerly a distance of 15.8 feet, more or less, to a concrete curb; thence run Northerly along said concrete curb 73 feet, more or less, to a point which is the Southwest (S.W.) corner of that parcel of property conveyed by Charles H. Russell, Elizabeth B. Newman and Katherine Rhymes Speed to F. P. Hemphill; thence run Easterly along the South line of said Hemphill Property a distance of 27.56 feet, more or less, to the point of beginning.



EXHIBIT

"B"